UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS LITTLE, | ) | FILED: AUGUST 25, 2008 |
| | ) | 08CV4845 |
| Plaintiff, | ) No. | JUDGE GOTTSCHALL |
| | ) | MAGISTRATE JUDGE COLE |
| vs. | ) Judge  AO | |
| | ) Magistrate Judge | |
| VILLAGE OF POSEN, | ) | |
| Posen Police Officers | ) | |
| WILLIAM ALEXANDER, Star 50, | ) Jury Demand | |
| Officer GEORGE LAY, Star 8, | ) | |
| Officer PHILLIP WISEMAN, Star 41, and | ) | |
| Officer RICHARD SCHALL, Star 1 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Matteson, Illinois.

5. Defendant-Officers are duly appointed and sworn Posen police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant VILLAGE OF POSEN is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about June 21, 2007, at approximately 10 p.m., Plaintiff was taking out the garbage in the 14500 block of South Richmond in Posen.

9. In the alley, Plaintiff saw Defendant-Officers WISEMAN and ALEXANDER talking to his son. Plaintiff asked what was going on.

10. Defendant-Officer WISEMAN and ALEXANDER yelled to Plaintiff: "This is not your fucking business." Plaintiff responded: "This is my son."

11. Plaintiff's son explained to Plaintiff that WISEMAN and ALEXANDER were harassing him.

12. Defendant-Officers claimed that Plaintiff's son matched the description of someone they were chasing.

13. Plaintiff's son grabbed Plaintiff's hand, and they turned to walk toward their house.

14. ALEXANDER ran up to Plaintiff and Plaintiff's son with their police dog, "Jimmi," and shouted: "Give me a reason to sic my dog on you. Give me a fucking reason!"

15. Plaintiff's son said, "Come on Dad, lets go in the house."

16. ALEXANDER said, "Yeah, take your black ass in the house. Take your bitch ass in the house." Plaintiff responded, "That's not even necessary."

17. Defendant-Officer SCHALL ran up behind Plaintiff and sprayed mace in Plaintiff's face and eyes.

18. ALEXANDER released his police dog who attacked Plaintiff.

19. Plaintiff heard someone yelling: "Get your black ass on the ground," Plaintiff could not lie on the ground because the police dog was attacking him.

20. The police dog bit Plaintiff multiple times on his arm, leg, back, buttocks, and side abdominal area.

21. A Defendant-Officer pressed down hard on Plaintiff's neck with his boot and handcuffed Plaintiff while he was on the ground.

22. Plaintiff yelled for his family to go in the house and shut the doors.

23. Defendant-Officers told Plaintiff to "shut the fuck up."

24. Defendant LAY gave Defendant SCHALL his tazer and ordered SCHALL to tazer Plaintiff.

25. SCHALL tazered Plaintiff. Plaintiff was knocked into the flower bed.

26. Plaintiff requested that the Defendant-Officers take him to the hospital, but the Defendant-Officers refused.

27. Plaintiff was searched. No contraband or evidence of criminal activity was found.

28. Plaintiff was charged with resisting a peace officer, obstructing a peace officer, and aggravated assault. The case was docketed in the Cook County Circuit Court as: <u>People v. Julius Little</u>, 07-3999.

29. A jury trial was held on March 18-19, 2008. Plaintiff was found not guilty on all counts.

30. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

31. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, lost wages, property damage, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

32. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33. Defendant-Officers WISEMAN and ALEXANDER stopped and seized Plaintiff.

34. Defendant-Officers WISEMAN and ALEXANDER did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

35. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers WISEMAN and ALEXANDER ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

36. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

37. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

38. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

39. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

40. Defendant-Officers ALEXANDER and SCHALL violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers ALEXANDER and SCHALL,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

41. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

42. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

43.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

44.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

45.     Defendant-Officers instituted charges against Plaintiff for resisting a peace officer, obstructing a peace officer, and aggravated assault.

46.     There was not probable cause for such charges.

47.     Plaintiff was found not guilty.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

48.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

49.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF POSEN is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF POSEN to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                                          Respectfully submitted,

                                          /s/ Lawrence V. Jackowiak
                                          *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595